IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RON GOSS, : | |
| : | |
| Petitioner, : | |
| : | CASE NO.   1 : 13-CV-90167 (WLS) |
| : | 28 U.S.C. § 2255 |
| : | CASE NO.   1 : 11-CR-12-017 (WLS) |
| : | |
| VS. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| : | |
| Respondent. : | |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on April 23, 2013, is before this Court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. (Doc. 741).   After preliminary examination of Petitioner's Motion, it appears that the Motion is subject to summary dismissal under Rule 4, as the Motion is untimely filed.

**Procedural History**

The Petitioner was indicted in this Court on March 9, 2011 on charges of conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of subsections of 21 U.S.C. §§ 841 and 846.   (Doc. 1).    On October 12, 2011, the Petitioner entered into a Plea Agreement with the Government and pled guilty to Count 11 of the Indictment, which charged him with possession with intent to distribute cocaine.   (Docs. 410, 411).   Petitioner was sentenced on February 23, 2012 to 108 months imprisonment followed by 3 years of

Supervised Release.  (Doc. 589).  Judgment was entered on February 27, 2012.  (Doc. 591). Petitioner did not appeal his sentence, but filed his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on April 23, 2013, having signed this Motion on March 27, 2013.  (Doc. 741).   Petitioner alleges that his trial counsel provided ineffective assistance of counsel, that the prosecutor breached his plea agreement, and that the district court erred in sentencing the Petitioner.  *Id.*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.  Pursuant to the AEDPA, the movant in a § 2255 proceeding has a one year limitations period in which to file a § 2255 motion.  Courts calculate the relevant limitations period from the latest of four benchmark dates: (1) the date on which the judgment of conviction becomes final; (2) the date a government-created impediment to making such a motion is removed; (3) the date on which the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim(s) could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

The one-year limitations period herein started running when the Petitioner's conviction became final pursuant to 2255(f)(1), and thus, the filing of this § 2255 motion is untimely. Petitioner's conviction became final on March 12, 2012, when the time for filing a Notice of Appeal expired.  Fed. R. App. P. 4(b); *Clay v. United States,* 537 U.S. 522 (2003); *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).  Petitioner then had one year to bring a motion under § 2255 after his conviction became final, or until March 12, 2013.  Under this provision of § 2255, Petitioner's motion to vacate, executed on March 27, 2013, is clearly

untimely.

Additionally, the Petitioner has not established the basis for equitable tolling of the limitations period. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief. Finally, the Petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as the Petitioner's § 2255 motion is untimely filed and the Petitioner has not established a basis for equitable tolling of the limitations period, it is the recommendation of the undersigned that this § 2255 motion be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the

Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

    SO RECOMMENDED, this 7th day of May, 2013.

                                        s/ **THOMAS Q. LANGSTAFF**
                                        UNITED STATES MAGISTRATE JUDGE

asb